ZUTTER, Appellant, vs. O'CONNELL, imp., Respondent.

*January 8—February 4, 1930.*

For the appellant there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *E. B. Bundy.*

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford;* both of Chippewa Falls, attorneys, and *D. J. Regan* of Milwaukee, of counsel, and oral argument by *Mr. Regan* and *Mr. Harold E. Stafford.*

OWEN, J. On the 25th day of August, 1928, a collision occurred between the automobile of plaintiff and a truck owned by the partnership of O'Connell Brothers, of which Paul O'Connell was the sole surviving member, and driven by the defendant Thomas O'Connell. This case was combined for the purposes of trial with the case of Donald Zutter, by Phillip Zutter, his guardian *ad litem,* plaintiff, against Paul O'Connell *et al.,* defendants, decided herewith (*post,* p. 601, 229 N. W. 73). By the verdict rendered the jury found that Phillip Zutter, the plaintiff, and Thomas O'Connell, the driver of the truck, were both negligent. This prevented any recovery on the part of Phillip Zutter, concerning which appellant makes no complaint. He complains because judgment was rendered against him in favor of Paul O'Connell, the sole surviving member of the partnership of O'Connell Brothers. This judgment resulted because the court determined that at the time of the accident Thomas O'Connell, the driver of the truck, was not acting as the agent or servant of O'Connell Brothers, and the truck was not then being used in the prosecution of the partnership business,

because of which the partnership was not precluded from recovering the amount of its damages by reason of the negligence of Thomas O'Connell.

It appears that Thomas O'Connell· was an employee of the partnership. Late in the afternoon of August 25th Thomas had made a trip with the truck in the partnership business and returned to the office or store of the partnership at or about the time of the close of the day's business. Paul O'Connell then instructed Thomas O'Connell to take their father home. Their father worked for the partnership, and it was a duty of the partnership under the contract of employment to convey the father to and from his home. In taking the father home the truck was no doubt used in the prosecution of the business of the partnership, and Thomas O'Connell was then acting as its agent. However, it appears that Paul O'Connell, Thomas O'Connell, and their brother-in-law, Ralph Moe, had arranged a fishing trip for that evening and Paul O'Connell had instructed his brother Thomas, after taking the father home, to go to Moe's house and get him to go on the fishing trip. The accident occurred while Thomas was on his way to Moe's house after having taken his father home.

The only question in the case is whether or not under such circumstances the truck was being used in the partnership business and Thomas O'Connell was acting as the agent or servant of the partnership. It seems perfectly plain that he was not. The partnership business had been fully dispatched when the father was delivered at his home. While no doubt the truck would have remained in the partnership business if upon delivering the father at his home it had been taken back to the place of the partnership business, or to a garage for storage during the night, the fact is that no such disposition of the truck was attempted. It was immediately devoted to the purpose of promoting the fishing trip by assembling the members of the fishing party. This

fishing trip was foreign to the business of the partnership, and in proceeding to Mr. Moe's house the truck was in no sense the agency of the partnership and O'Connell was in no sense the agent or servant of the partnership. Those through whose negligence the truck was damaged were liable to the partnership, and the partnership was not precluded from recovering against Zutter because Thomas O'Connell was negligent. Whether Thomas O'Connell was the agent of Paul O'Connell, individually, is not before us, because Paul O'Connell is not a party to this action in his individual capacity.

*By the Court.*—Judgment affirmed.